H. Jayne Ahn, Esq.
California State Bar No. 234002
Law Office of H. Jayne Ahn
2005 De La Cruz Blvd. Ste. 265
Santa Clara, CA 95050
Telephone: (408) 982-0998
Facsimile: (408) 982-0997
Email: bankruptcy.law@mail.com

Attorney for Debtors

UNITED STATES BANKRTUPCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br>Tae Joon Um and Chong Min Yi,<br>Debtors. | Chapter 7<br><br>Bankruptcy No. 09-49239<br><br>Adversary Case No. 09-04599<br><br>MOTION TO DISMISS ADVERSARY PROCEEDING<br>*FED. R.CIVIL P. 9 (b);FED. R.BANKR.P.7009*<br>*FED. R. CIVIL P. 12(b)(6)* |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Joint debtor and defendant in this action, Chong Min Yi (the "Debtor"), pursuant to *Fed. R. Civil P. 9(b)* and *Fed. R. Civil P. 12(b)(6)*, by and through her counsel of record, respectfully submits this Motion to Dismiss Adversary Proceeding filed by Wells Fargo Bank, N.A.(the "Plaintiff") on December 31, 2009 and in support thereof, states as follows:

///

///
Motion to Dismiss Adversary Case Filed by Wells Fargo Bank, NA     - 1 -
AP Case No. 09-04599

Case: 09-04599    Doc# 5-1    Filed: 01/22/10    Entered: 01/22/10 13:34:44    Page 1 of 6

# I. PLAINTIFF'S CAUSE OF ACTION

On or about December 31, 2009, the Plaintiff commenced this Adversary Proceeding by filing a complaint which seeks, among other things, a judgment against the Debtor in the sum of $6,430 and an order determining that such debt is non-dischargeable under 11 USC § 523(a)(2); (the "Complaint").

*11 U.S.C. § 523(a)(2)* provides as follows:

(a) A discharge under *section 727*, *1141*, *1228(a)*, *1228(b)*, or *1328(b)* of this title does not discharge an individual debtor from any debt--

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

        (B) use of a statement in writing--

            (i) that is materially false;

            (ii) respecting the debtor's or an insider's financial condition;

            (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

            (iv) that the debtor caused to be made or published with intent to deceive;

        (C)(i) for purposes of subparagraph (A)

            (I) consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and

            (II) cash advances aggregating more than $825 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable.

The Complaint states that Plaintiff granted to Debtor an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX3068. The Debtor's balance due and owing on this account including interest as of 09/30, 2009, when the bankruptcy petition was filed was $7,507.75. Plaintiff then alleges that between 04/29/2009 and 05/20/2009 the Debtor incurred $374.00 in retail charges and between 04/29/2009 and 05/20/2009 the Debtor incurred $6,056.00 in cash advance and/or convenience check charges.

The Complaint further states that (1) as a result of the above activity, the account credit limit was exceeded and (2) during and after this time, the Debtor remitted zero payment(s). Based on the forgoing assertions, the Plaintiff alleges that the Debtor had to be cognizant of the fact that she did not have the ability to repay the debt in full to Plaintiff or any other credit card issuer. The Plaintiff also alleges that the Debtor obtained money from the Plaintiff through false pretenses, false representations and actual fraud and the Debtor, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

Because the $374.00 retail charges between 04/29/2009 and 05/20/2009 were made by the Debtor more than 90 days before the order for relief under this title on 09/30/2009, the presumption of non-dischargeability does not arise under 11 U.S.C. §523 (a)(2)(C)(I). Similarly, the cash advances and/ or convenience check charges in the amount of $6,056.00 were made between 04/29/2009 and 05/20/2009, more than 70 days before the order for relief under this title and thus shall not be presumed to be non-dischargeable under 11 U.S.C.§523(a)(2)(C)(II).

Based on the foregoing, the Plaintiff must plead the necessary elements with specificity to establish fraud under 11 U.S.C.§523(a)(2)(B). Namely, that the debt was obtained by the use of a

statement in writing (1) that was materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor to whom the debtor is liable for obtaining money, property, services, or credit reasonably relied; and (4) that the debtor caused to be made or published with the intent to deceive.

## II. REQUIREMENTS FOR PLEADING SPECIAL MATTERS

As provided in *Fed. R. Civ. P. 9(b)*, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
In this Adversary Case, the Plaintiff fails to plead the necessary elements with specificity to establish fraud under §523(a)(2)(B). The Complaint fails to set forth any facts surrounding the circumstances constituting fraud, such as the time, place, name of the written statement, or the content of any alleged misrepresentation. *Sharp v. Hawkins, 2004 U.S. Dist. LEXIS 22928 (N.D. Cal. Nov. 5, 2004).* Although the Plaintiff invokes *In re Dougherty 84 B.R.653 (9th Cir.1988)* which considers twelve factors to determine whether a defendant had a subjective intent to deceive through circumstantial evidence, intent to deceive is only one element of actual fraud; i.e., the Plaintiff fails to set forth any facts to establish that the Debtor made a false representation, that the Plaintiff justifiably relied on the Debtor's false representation and that as a result of that reliance, the Plaintiff was damaged in the amount of $6,430.00. *Flexi-Van Leasing v. Perez (In re Perez), 155 B.R. 844.*

The fact that the Debtor failed to make payments on retail charges and cash advance and/

or convenience check charges after accepting an offer of an extension of credit from the Plaintiff, as alleged in the Complaint, may give rise to a cause of action for breach of contract but is not sufficient to give rise to a cause of action for committing fraud under 11 U.S.C. §523.

"Turning to the issue of common law fraud, the Plaintiff again fails to set forth with particularity the circumstances constituting the Debtor's alleged fraudulent inducements in obtaining the line of credit. At a minimum, the Plaintiff must state the circumstances surrounding the Debtor's alleged fraud, including the time, place and content of any alleged misrepresentation on the part of the Debtor." *In re Marceca, 127 B.R. 328.*

### III. NO LEAVE TO AMEND SHALL BE GRANTED

"[Under *Fed. R. Civ. P. 15(a)*], leave to amend "shall be freely given when justice so requires". However, because the totality of the deficiencies in the Complaint are so vast, the Debtor's motion for dismissal of the adversary proceeding should be granted. Justice requires that defendant be served with a complaint which states the particular statute or code section relied upon by the plaintiff and a set of facts which provide the defendant with enough information to formulate and file an answer. In addition, if the plaintiff is predicating his cause of action upon fraud, he must do so with specificity in accordance with *Fed. R. Civ. P. 9(b)*." *In re Marceca, 127 B.R. 328.*

///

///

### IV. PRAYER FOR RELIEF

WHEREFORE, the Debtor prays that this Court grant the following relief:

1. Dismiss the Plaintiff's Adversary Proceeding brought under 11 U.S.C. § 523 with prejudice;

2. An order awarding the Debtor its attorneys' fees and costs incurred herein; and

3. An order awarding the Debtor such additional relief as this Court deems just and equitable.

DATED: January 20, 2010        /s/ H. Jayne Ahn

                               Attorney for Debtor